## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| **QUAMESIA LANE** <br> **Plaintiff,** | **CIVIL ACTION NO.** |
| | **SECTION:** |
| **VERSUS** | |
| | **JUDGE** |
| **PERFORMANCE TRANSPORTATION, LLC** <br> **and GREGORY PREE, JR.,** <br> **Defendants.** | **MAGISTRATE** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come defendants, Performance Transportation, LLC and Gregory Pree, Jr., and pursuant to 28 U.S.C. § 1441 and 1446, hereby remove to this Honorable Court the civil action filed by plaintiff, Quamesia Lane, in the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana (Civil Action No. 82702). All defendants consent to the filing of this removal. In support of this removal, defendants respectfully submit the following:

**1.**

On December 10, 2021, plaintiff filed a *Petition* in the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana, asserting various causes of action against defendants.[1]

**2.**

This Notice of Removal is timely as it is being filed within 30 days after Gregory Pree, Jr. was served with plaintiff's *Petition*, as required by 28 U.S.C. § 1446(b)(2)(C).

---

[1] A copy of the Petition, with all state court filings, is attached hereto as **Exhibit A, *in globo.***

**3.**

On December 13, 2021, the Clerk of Court for the 42nd Judicial District Court for the Parish of DeSoto issued a Citation to Performance Transportation, LLC, which was served on **December 20, 2021**, through its registered agent for service, National Registered Agents, Inc.[2]

**4.**

Also on December 13, 2021, the Clerk of Court issued a Long Arm Citation to Gregory Pree, Jr.[3]

**5.**

On January 29, 2022, Gregory Pree, Jr. was served via Long Arm Service.[4]

**6.**

Venue is proper in this judicial district and division under 28 U.S.C. § 1441(a). The venue of a removed case is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The 42nd Judicial District Court for the Parish of DeSoto is within the United States District Court for the Western District of Louisiana, Shreveport Division.[5]

**7.**

Plaintiff's lawsuit is a civil action alleging damages resulting from a motor vehicle accident that occurred on Lake Road in DeSoto Parish, Louisiana. Plaintiff alleges that on August 16, 2021, a semi-truck operated by Gregory Pree, Jr. rear-ended an SUV operated by plaintiff, allegedly causing personal injuries to plaintiff.[6] Plaintiff alleges that she sustained various damages as a result of the accident, including past and future medical expenses; past and future pain and

---

[2] *See* **Exhibit A** - Service Return to Performance Transportation, LLC.

[3] *See* **Exhibit A** - Long Arm Service Citation to Gregory Pree, Jr.

[4] *See* **Exhibit B** - USPS tracking history of Long Arm Service to Gregory Pree, Jr.

[5] **Exhibit A** - pleadings and documents filed into the record of the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana, in accordance with 28 U.S.C. § 1446(a).

[6] **Exhibit A -** *Petition*, ¶¶ 2-7.

suffering; past and future mental pain and anguish; past and future loss of enjoyment of life; scarring and disfigurement; functional impairment and disability; and loss of wages and economic opportunity.[7]

**8.**

Plaintiff alleges that the motor vehicle accident was caused by the negligence of Gregory Pree, Jr. and that Pree's employer, Performance Transportation, LLC, is vicariously liable for Pree's negligent acts.[8] Plaintiff also alleges that Performance Transportation, LLC is independently negligent in its hiring, retention, training, and supervision of Gregory Pree, Jr.[9]

**9.**

This civil action involves a controversy between citizens of different states. Plaintiff is a citizen of DeSoto Parish, State of Louisiana.[10]

**10.**

Defendant, Gregory Pree, Jr., is alleged to be a resident of Bowie County, Texas.[11] Defendant, Gregory Pree, Jr., appearing herein through undersigned counsel, confirms that he is a citizen and domiciliary of the State of Texas. In accordance with 28 U.S.C. § 1332(c)(1), and for purposes of removal under 28 U.S.C. §§ 1332 and 1441, Gregory Pree, Jr. is a citizen of Texas.

**11.**

Defendant, Performance Transportation, LLC, is alleged to be a foreign limited liability company authorized to do and doing business in the State of Louisiana.[12] The members of Performance Transportation, LLC are Performance Food Group, Inc. and PFST Holding

---

[7] *Id*. at ¶ 7.
[8] *Id*. at ¶¶ 4-7.
[9] *Id*. at ¶ 6.
[10] **Exhibit A** - *Petition*, introductory paragraph.
[11] *Id*. at ¶ 1.
[12] *Id*. at ¶ 1.

Company. Performance Food Group, Inc. is incorporated in Colorado and has its principal place of business in Virginia. PFST Holding Company is incorporated in Delaware and has its principal place of business in Virginia. Performance Transportation, LLC, appearing herein through undersigned counsel, confirms that it is a foreign limited liability company organized under the laws of the State of Delaware. In accordance with 28 U.S.C. § 1332(c)(1), and for purposes of removal under 28 U.S.C. §§ 1332 and 1441, Performance Transportation, LLC is a citizen of the States of Virginia, Colorado, and Delaware, where it and its members are incorporated and maintain their principal place of business.[13]

**12.**

In accordance with 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000.00, exclusive of interests and costs, for jurisdiction based upon diversity of citizenship between parties.

**13.**

Plaintiff's *Petition* is silent regarding the specific amount in controversy. However, the lack of specific monetary damage alleged in the *Petition* does not end the inquiry into the amount in controversy. If a plaintiff has alleged an indeterminate amount of damages, the U.S. Fifth Circuit Court of Appeals requires that a removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[14] A defendant may either show that it is facially apparent that the plaintiff's alleged damages exceed the jurisdictional amount or it must set forth the facts in dispute for a finding that the jurisdictional amount is satisfied.[15] "If it is not 'facially apparent,' then the court may rely on 'summary judgment-type' evidence relevant to the

---

[13] . *See Hertz Corp. v. Friend*, 559 U.S. 77, 82, 130 S.Ct. 1181, 1887, 175 L.Ed. 2d 1029 (2010).
[14] *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 882 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); see also *Allen v. R&H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[15] *Gebbi*a, 233 F.3d at 882-3; *Luckett*, 171 F.3d at 298.

4

amount in controversy at the time of removal to make the determination."[16]

**14.**

Counsel for plaintiff has produced various medical records of treatment which plaintiff received following the accident at issue, including records of treatment that plaintiff received on the date of the accident at DeSoto Regional Health System. The medical bills for the treatment which plaintiff received at DeSoto Regional Health System total $3,385.25.[17] Plaintiff also underwent a CT scan of her brain, a cervical spine CT scan, a cervical spine x-ray, and a right shoulder x-ray on the date of the accident at DeSoto Regional Health System.[18] Thereinafter, plaintiff was treated at DeSoto Regional Family Medicine for complaints of neck pain, left arm pain, a tingling sensation in her left hand, and headaches.[19] Plaintiff was then treated at the Orthopedic Specialists of Louisiana.[20] Plaintiff also sought treatment at the Spine Institute of Louisiana, where she was recommended to undergo a cervical spine MRI and a brain MRI.[21] Plaintiff was then treated by Pain Care Consultants, where she obtained a recommendation to undergo bilateral cervical facet joint nerve blocks.[22] Counsel for plaintiff has confirmed that plaintiff underwent one bilateral cervical facet joint nerve block and is scheduled for a second. Further, plaintiff sought treatment from Dr. Bryan Vekovius, an eye surgeon, with complaints of double vision, dizziness, skeletal stiffness, and joint pain and swelling.[23] Dr. Vekovius diagnosed plaintiff with papilledema.[24] The medical expenses for treatment plaintiff received after the

---

[16] *Allen v. Wal-Mart Louisiana, LLC*, 2008 WL 2220014 (M.D.La. 2008), *citing Luckett*, 171 F.3d at 298 and *White v. FCI USA, Inc*., 319 F.3d 672, 675 (5th Cir. 2003).
[17] **Exhibit C** - Plaintiff's Medical Records from DeSoto Regional Health System.
[18] **Exhibit C**.
[19] **Exhibit D -** Plaintiff's Medical Records from DeSoto Regional Family Medicine.
[20] **Exhibit E -** Plaintiff's Medical Records from Orthopedic Specialists of Louisiana.
[21] **Exhibit F -** Plaintiff's Medical Records from the Spine Institute of Louisiana.
[22] **Exhibit G -** Plaintiff's Medical Records from Pain Care Consultants.
[23] **Exhibit H -** Plaintiff's Medical Records from Dr. Bryan Vekovius.
[24] **Exhibit H**.

accident at issue total $10,024.24. Furthermore, plaintiff asserts in her Petition that in addition to special damages, she is entitled to general damages for pain and suffering, mental pain and anguish, and loss of enjoyment of life.[25] Additionally, counsel for plaintiff has stated that he will stipulate that the amount in controversy exceeds $75,000.00. Therefore, defendants respectfully submit that the amount in controversy in this matter exceeds $75,000.00.

**15.**

Considering the above, defendants respectfully submit that this Notice of Removal is timely, that complete diversity exists between plaintiff and defendants, and that the amount in controversy for the claims presented by plaintiff exceeds $75,000.00 exclusive of interest and costs. Accordingly, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

**WHEREFORE**, defendants, Performance Transportation, LLC and Gregory Pree, Jr., hereby remove this matter to this Honorable Court and request that this court assume jurisdiction over all claims asserted herein and that this civil action be maintained in the United States District Court for the Western District of Louisiana.

---

[25] **Exhibit A -** *Petition*, ¶ 7.

Respectfully submitted,

**LARZELERE PICOU WELLS**
**SIMPSON LONERO, LLC**
3850 N. Causeway Boulevard
Suite 500 – Two Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565
Email:   mwells@lpwsl.com
            mgreene@lpwsl.com

**BY:**       **/s/ Morgan J. Wells, Jr.**
**MORGAN J. WELLS, JR. (#18499)**
**MATTHEW F. GREENE (#39897)**

**ATTORNEYS FOR DEFENDANTS,**
**PERFORMANCE TRANSPORTATION, LLC**
**AND GREGORY PREE, JR.**

### CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States Mail, properly addressed and postage prepaid.

/s/ Morgan J. Wells, Jr.